IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,315-01






EX PARTE PRESTON LEE HARRIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11359 IN THE 118TH DISTRICT COURT


FROM HOWARD COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to an
elderly individual and sentenced to ninety-nine years' imprisonment.

 Applicant contends that trial counsel rendered ineffective assistance because he failed to
timely file a notice of appeal. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. The trial court shall provide counsel with the opportunity to respond to Applicant's claim
of ineffective assistance of counsel on appeal. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to a
meaningful appeal because his trial counsel failed to timely file a notice of appeal. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 24, 2008

Do not publish